# BOND SCHOENECK & KING

Avant Building - Suite 900 | 200 Delaware Avenue | Buffalo, NY 14202-2107 | **bsk.com**

**JEREMY P. OCZEK**
jpoczek@bsk.com
P: 716.416.7037

January 11, 2018

**BY ECF**

Honorable Valerie E. Caproni
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 443
New York, NY 10007

Re:   *Steve Sands v. The Buffalo News, Inc.,* **Civil No. 1:17-cv-4265 (VEC)**

Dear Judge Caproni:

Pursuant to Your Honor's December 28, 2017 Memo Endorsement (Dkt. No. 34), Defendant responds to Plaintiff's counsel's December 19, 2017 submission to the Court (Dkt. Nos. 33, 34, 34-1, 34-2, 34-3, 34-4).

## I.   Background

On December 11, 2017, after the case had been voluntarily dismissed by the Plaintiff through the filing of a Joint Stipulation of Dismissal (Dkt. No. 28), the Court *sua sponte* ordered Plaintiff's counsel, Richard Liebowitz, to show cause why he should not be personally sanctioned pursuant to 28 U.S.C. § 1927 and the Court's inherent powers for a lack of candor with Defendant that contributed to unnecessary litigation before the Court. (Dkt. No. 31). In particular, the Court noted Defendant had put forward evidence through sworn statements that Mr. Liebowitz, after his firm withdrew a meritless suit against Defendant, and after Mr. Liebowitz ignored Defendant's efforts to discuss settlement in the immediate case, claimed to have sent emails to Defendant "over many months" before he moved for default judgment in November 2017, and forwarded a string of email messages purportedly sent during that intervening period whose authenticity could not be verified by Defendant's technology staff or a third-party forensic consultant. (Dkt. Nos 23-1, 23-2, 23-3, 23-4, 23-5).

## II.   Mr. Liebowitz's Submission to the Court

On December 19, 2017, Mr. Liebowitz submitted a letter responding to the Court's Order to show cause as to why he should not be personally sanctioned. (Dkt. Nos. 33). He also submitted a declaration and purported emails that he claimed to have sent to The Buffalo News. (Dkt. Nos. 34, 34-1, 34-2, 34-3, 34-4).

Attorneys At Law | A Professional Limited Liability Company

**BOND** SCHOENECK & KING

January 11, 2018
Page 2

Notwithstanding the fact that The Buffalo News submitted an uncontroverted declaration from David J. Adkins, Vice President of Technology for The Buffalo News, who conducted an internal audit of The Buffalo News' email systems (Dkt. No. 24-4), and who testified in his sworn declaration that he conducted a search of Mr. Giglia's and Ms. Luedke's email accounts[1] and did not find any emails from Mr. Liebowitz or anyone at the Liebowitz Law Firm after June 13, 2017, and further testified in his sworn declaration that he conducted a search of The Buffalo News' email archive server and confirmed that no email recipient at The Buffalo News received any emails from Mr. Liebowitz (RL@liebowitzlawfirm.com) or anyone else at his firm (@liebowitzlawfirm.com domain) during the 90-day period from August 28, 2017 through November 28, 2017,[2] Mr. Liebowitz's letter submission to the Court attempts to question the credibility of Mr. Giglia's sworn statement that he did not receive any emails from Mr. Liebowitz after Mr. Giglia sent an email to Mr. Liebowitz on June 13, 2017 at 1:05 pm:

- "In a transparent effort to vacate the default, Mr. Giglia claims not to have received my written [email] notifications of default dated July 12 and September 14, 2017 [Dkt. 23-2 at ¶ 11]." (Dkt. No. 33-3 at 3).

- "It is simply not plausible nor credible that BNI received all of my other emails, but conveniently failed to receive the two specific emails concerning BNI's default." (Dkt. No. 33-3 at 3).

- "It should also be emphasized that Mr. Giglia's admitted failure to calendar BNI's answer, failure to respond to my emails, and five-month-long failure to check Pacer/ECF to inquire as to the status of the case after being notified of its existence severely undermines his credibility with respect to the disputed emails." (Dkt. No. 33-3 at 3).

However, Mr. Liebowitz's allegations are not supported by any evidence or corroborating declaration from a technical witness, and stand in contrast to The Buffalo News who commissioned Mr. Adkins to conduct an internal audit of The Buffalo News'

---

[1] Although Mr. Adkins' sworn declaration states that he conducted a search of Ms. Luedke's email account and did not find any emails from Mr. Liebowitz or anyone at the Liebowitz Law Firm after June 13, 2017, Mr. Liebowitz tries to create factual dispute by alleging: "Notably, Ms. Luedke, who was also cc'd on these critical emails, does not specifically state in her declaration that she did not receive these emails." (Dkt. No. 33 at 3). Filed herewith is a supplemental declaration from Ms. Luedke in which she states that she did not receive any emails from Mr. Liebowitz or anyone at the Liebowitz Law Firm after Mr. Giglia sent an email to Mr. Liebowitz on June 13, 2017 at 1:05 pm.

[2] Mr. Adkins conducted the audit on November 28, 2017. The Buffalo News' email system retains an archival copy (separate from individual email accounts) for 90 days. (Dkt. No. 24-4 at ¶ 8).

**BOND SCHOENECK & KING**

January 11, 2018
Page 3

email system. It does not appear from Mr. Liebowitz's submission that he had anyone conduct an internal audit or investigation of the Liebowitz Law Firm's email system. Moreover, Mr. Liebowitz ignores the Adkins declaration – there is not a single mention of the Adkins declaration anywhere in Mr. Liebowitz's submission to the Court. And, despite not appearing to have any special technical expertise or knowledge of his own, Mr. Liebowitz states in his submission to the Court "To my knowledge, there were no technical problems detected with my firm's Gmail system." (Dkt. No. 33 at 3).

While Mr. Liebowitz provided the Court with printed-out copies of alleged emails with dates/times of June 13, 2017 at 1:33 PM (Dkt. No. 34-2), July 12, 2017 at 1:31 AM (Dkt. No. 34-3), and September 14, 2017 at 3:08 AM (Dkt. No. 34-4), the printed-out copies do not contain any metadata needed to determine the authenticity of the alleged emails (which is why Defendant's counsel requested that Mr. Liebowitz provide individual electronic copies of the emails, as discussed below). Also, the latter two alleged emails raise questions given the middle-of-the-night timing (1:31 AM & 3:08 AM, respectively). For example, why didn't Mr. Liebowitz attempt to call Mr. Giglia at any point prior to November 9, 2017, given that he received no response to his purported middle-of-the night emails (presuming they were actually sent)? In any event, it simply makes no sense why Mr. Giglia would ignore any purported emails from Mr. Liebowitz when it is unquestioned that Mr. Giglia contacted the Liebowitz Law Firm in the first instance after the filing of both copyright lawsuits against The Buffalo News in an attempt to resolve the cases. (Dkt. No. 23-3 at ¶¶ 7 and 8.)

Mr. Liebowitz's submission also fails to address why he never provided electronic copies of the alleged emails as individual attachments to Defendant's counsel so that the emails could be analyzed by a third party forensic consultant. On November 28, 2017, the undersigned counsel asked Mr. Liebowitz to provide electronic copies of the alleged emails as individual attachments with all metadata retained so that The Buffalo News could attempt to verify the authenticity of such emails. (Dkt. No. 24-5 at ¶ 5). The undersigned counsel again requested on November 29, 2017 and December 1, 2017 that Mr. Liebowitz send electronic copies of the alleged emails as individual attachments. (Dkt. No. 34-1 at 16-19.) Additionally, the undersigned counsel spoke with Mr. Liebowitz on November 30, 2017 and Mr. Liebowitz promised to send copies of the alleged emails as individual attachments. (Dkt. No. 24-5 at ¶ 7.) While Mr. Liebowitz did forward a purported email string on November 28, 2017, he did not (as promised) provide the emails as individual attachments (including accompanying metadata). *Id.* Accordingly, the alleged emails could not be verified a third party forensic consultant. *Id.*

Besides failing to provide electronic copies of the individual emails, it should also be noted that Mr. Liebowitz was not forthcoming in his dealings with The Buffalo News. While Mr. Liebowitz alleges in his submission to the Court that "both Mr. Giglia and Ms. Luedke admit that on November 9 or 10, I contacted BNI's office by telephone in an attempt to discuss the pending default" (Dkt. No. 33-3 at 3), Ms. Luedke testified in her sworn declaration that Mr. Liebowitz only indicated in his message that he wanted to

"reconnect on the case" with Mr. Giglia – there was nothing said about any "default" in his message. (Dkt. No. 23-3 at ¶ 4.) Also, during the phone conversation between Mr. Liebowitz and Mr. Giglia on November 17, 2017, while Mr. Liebowitz informed Mr. Giglia that The Buffalo News had defaulted, Mr. Liebowitz made no mention to Mr. Giglia that the Court had already, the day before, on November 16, 2017, issued an Order to Show Cause and scheduled a hearing on the matter for December 8, 2017. (Dkt. 23-3 ¶ 11.)

In sum, the record before the Court demonstrates that Mr. Giglia and Ms. Luedke did not receive any emails from Mr. Liebowitz or anyone at the Liebowitz Law Firm after June 13, 2017 (as corroborated by the sworn declarations of Mr. Adkins, Mr. Giglia, and Ms. Luedke) and that a search of The Buffalo News' email archive by Mr. Adkins showed that no email recipient at The Buffalo News received any emails from Mr. Liebowitz (RL@liebowitzlawfirm.com) or anyone from his firm (@liebowitzlawfirm.com domain) during the 90-day period from August 28, 2017 to November 28, 2017. (Dkt. Nos. 24-2/26-1, 24-3, 24-4). The record before the Court further demonstrates that Mr. Liebowtiz failed to provide electronic copies of the alleged emails as individual attachments to Defendant's counsel so that the alleged emails could be analyzed by a third party forensic consultant. (Dkt. No. 24-5.) While Mr. Liebowitz attempts to avoid sanctions by casting doubt on the credibility of Mr. Giglia's sworn statement that he did not receive the emails in question, such allegations by Mr. Liebowitz are frivolous – made without any evidence – and stand in contrast to the uncontroverted declaration of Mr. Adkins who conducted an internal audit of The Buffalo News' email systems as set forth in his declaration. (Dkt. No. 24-4.)

### III.     Mr. Liebowitz's Conduct in this District

While Mr. Liebowitz does not appear to have been sanctioned in his 3+ years of practicing law (he was admitted to the New York Bar in August 2015), his conduct in his brief career has caught the attention of several judges in this District.

For example, in *Kali Konangataa v. ABC*, in connection with defendants' joint motion for attorneys' fees pursuant to Section 505 of the Copyright Act and for sanctions pursuant to Section 1927 and the inherent power of the Court, Judge Kaplan remarked that "no reasonable lawyer with any familiarity with the law of copyright could have thought that the fleeting and minimal uses, in the context of news reporting and social commentary, that these defendants made of tiny portions of the 45-minute Video was anything but fair." No. 16-cv-7382 (LAK), 2017 U.S. Dist. LEXIS 95812, at *4 (S.D.N.Y. Jun. 21, 2017). Judge Kaplan ordered Mr. Liebowitz's client to "compensate defendants financially for the costs of defending this frivolous litigation." *Id.* at *7. While Judge Kaplan declined to issue sanctions against Mr. Liebowitz under Section 1927, he remarked that "defendants may pursue any claims of professional misconduct on the part of plaintiff's attorney before appropriate disciplinary bodies." *Id.*

In *Cruz v. ABC*, Judge Kaplan, by then familiar with Mr. Liebowitz, issued a *sua sponte* order after the Complaint was filed by Mr. Liebowitz for plaintiff to show cause

**BOND SCHOENECK & KING**

January 11, 2018
Page 5

why an order should not be entered requiring that plaintiff post a security for costs as a condition of proceeding further with the action. No. 1:17-cv-08794-LAK, slip op. at *1 (S.D.N.Y. Nov. 17, 2017). In particular, Judge Kaplan remarked that "there seems a reasonable possibility that ABC will prevail on a fair use defense and, moreover, that it would be entitled to recover costs, including attorneys' fees, in that event." *Id.* at *3. Judge Kaplan also remarked "that (1) plaintiff's counsel, Richard Liebowitz, according to court records, has filed 452 cases in this Court in the last 21 months (of which 30 have been filed *so far this month*), many against media and publishing defendants, and (2) the undersigned awarded over $121,000 in attorneys fees against a client of Mr. Liebowitz in three other, related copyright cases that were dismissed from the bench on fair use grounds." *Id.* (emphasis in original).

In *Martinka v. Time, Inc.*, in connection with defendants' request for an award of fees and costs incurred as a result of Plaintiff's untimely filing of an amended complaint, Judge Woods admonished Mr. Liebowitz by remarking that "the Court cannot leave unnoted the fact that Plaintiff's counsel failed to act as he assured Defendants that he would, and that, as a result, Defendants had to address unnecessarily a concededly meritless claim in their motion to dismiss, incurring the resulting costs. Plaintiff's counsel is directed to comply fully with court-ordered deadlines in the future. More generally, Plaintiff's counsel is exhorted to consider the values of collegiality and efficiency in litigation—there are many—as there is value in a reputation for reliability." No. 1:16-cv-07163-GHW, slip op. at *2 (S.D.N.Y. Feb. 9, 2017).

### IV. Conclusion

Notwithstanding the dismissal and settlement of this action, The Buffalo News and its witnesses remain available to assist in connection with the Court's Order to show cause concerning Mr. Liebowitz. Any sanctions issued by the Court should take into account the substantial costs incurred by The Buffalo News in this action.

Respectfully submitted,

*s/ Jeremy P. Oczek*
Jeremy P. Oczek
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

*Counsel for Defendant*
*The Buffalo News, Inc.*