

Avant Building - Suite 900 | 200 Delaware Avenue | Buffalo, NY 14202-2107 | bsk.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/26/18

JEREMY P. OCZEK
jpoczek@bsk.com
P: 716.416.7037

January 25, 2018

**BY ECF**

Honorable Valerie E. Caproni
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 443
New York, NY 10007

Re:  *Steve Sands v. The Buffalo News, Inc.,* **Civil No. 1:17-cv-4265 (VEC)**

Dear Judge Caproni:

Pursuant to Your Honor's Order dated January 11, 2018 [Dkt. 38], Defendant hereby submits a Declaration from Robert Clary of Secure Network Technologies, Inc., who conducted a forensic review of the emails and metadata provided by Mr. Liebowitz.

Respectfully submitted,

*s/ Jeremy P. Oczek*
Jeremy P. Oczek
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

*Counsel for Defendant
The Buffalo News, Inc.*

The Court finds Mr. Clary's Declaration to be inconclusive, in part because Mr. Liebowitz forwarded copies of the emails that lacked original "sending account" metadata. Mr. Liebowitz is ordered to send the original "sending account" files to Defendants' counsel (which appear to be from the LiebowitzLawFirm.com address) by January 31, 2018 (and note having done so on the docket on the same day). He must confer with the Defendants' counsel and their forensic consultant if he needs additional instruction as to how to do so properly. If Mr. Liebowitz is unable to identify and send the correct files, he must inform the Court as to why in a letter by February 1, 2018.

Defendants are also ordered to provide a supplemental declaration from Mr. Clary by February 14, 2018. In the declaration, he must include analysis of the metadata he already has from the emails previously analyzed, including whether that metadata in the bcc'd or forwarded copies to the gmail.com account indicate that the bcc'd or forwarded copies were received at or around the time the emails were purportedly sent to Defendants. It must also include his professional conclusion, based on his analysis, as to whether Mr. Liebowitz did in fact send the emails on the dates and at the times that the header information indicates. If Mr. Liebowitz is able to successfully send the "sending account" emails as ordered above, Mr. Clary's supplemental declaration must also include his analysis of and conclusions drawn from those additional files.

SO ORDERED.

*Valerie Caproni*  1/26/18

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE